# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                                    **CRIMINAL ACTION**

**VERSUS**                                                                 **NO. 18-158-SDD-RLB**

**JOHN NEAL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the

Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served

with the attached Report to file written objections to the proposed findings of fact, conclusions of

law and recommendations therein. Failure to file written objections to the proposed findings,

conclusions, and recommendations within 14 days after being served will bar you, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE

WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 26, 2023.

_____
    RICHARD L. BOURGEOIS, JR.
    UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 18-158-SDD-RLB** |
| **JOHN NEAL** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's Motion for Jail Time Credit which the Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. There is no need for oral argument or for an evidentiary hearing.

On April 24, 2023, petitioner, an inmate confined at either FCI Victorville, Adelanto, California, or Herlong FCI, Herlong, California[1], filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2241, seeking credit for time served in a state prison.

### Procedural History

On June 13, 2019, the petitioner was sentenced to serve a total of 57 months. It was further ordered that "His sentence shall run concurrently to any sentence imposed in docket number 01-19-0343 of the 19th Judicial District Court, Baton Rouge, Louisiana. His sentence shall run consecutively to any sentences imposed in docket numbers 01-19-0172; 01-19-0294; and 02-19-0264, also of the 19th Judicial District Court." (*See* R. Doc. 30). The petitioner asserts that he served four years in state custody in connection with one or more of the foregoing state

---

[1] The address given by the petitioner is for FCI Victorville (*see* R. Doc. 38), but the Federal Bureau of Prisons inmate locator lists petitioner being housed at Herlong FCI.
*See* https://www.bop.gov/mobile/find_inmate/byname.jsp (last accessed 10/25/23).

criminal actions. He has only received two days of jail credit and seeks to have the four years spent in state custody credited to his federal sentence.

### Failure to Exhaust

The petitioner's petition is not yet ripe, and this Court lacks the jurisdiction to hear his petition. Only the Attorney General, through the Bureau of Prisons (BOP), may compute a prisoner's credits. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992); *see also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) ("The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences."); 18 U.S.C. § 3585(b). The plaintiff has not alleged that he has followed the BOP administrative remedies procedure; therefore, the BOP has not had the opportunity to calculate if Petitioner will be credited with the time spent in state custody.

The Fifth Circuit has held that before the Attorney General has made a determination of a prisoner's credits, there is no case or controversy ripe for review when the prisoner challenges his credits. *See Pierce v. Holder*, 614 F.3d 158 (5th Cir. 2010). In *Pierce*, a prisoner filed his habeas petition before the BOP had made a determination of whether to make a *nunc pro tunc* designation that would give the prisoner credit for his time served in state prison. The BOP retained discretion to do so because the prisoner's original federal sentence did not preclude that sentence from running concurrently to a later-imposed state sentence. The Fifth Circuit further found that the district court did not have the jurisdiction to rule on the merits of the prisoner's unripe habeas petition. *Pierce*, 614 F.3d at 160. The Court explained that until the BOP makes a final decision on the prisoner's *nunc pro tunc* request for time served while in state custody, the

district court was without jurisdiction. *Id.* Based on the reasoning of the Fifth Circuit, this Court is without jurisdiction to rule on Petitioner's unripe habeas petition.

The BOP administrative remedies procedure applies to the petitioner's claim asserted in this petition. *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010); 28 U.S.C. § 542.10. Petitioner is required to exhaust the BOP procedures, and he has not pointed to any extraordinary circumstances that would amount to an exception to that requirement. *See, Fuller v. Rich*, 11 F. 3d 61, 62 (5th Cir. 1994); *Overshown v. Upton*, 466 F. App'x 361 (5th Cir. 2012).

The record before this Court fails to demonstrate any attempt **by the petitioner to properly pursue a *nunc pro tunc* request to the Attorney General through the BOP as required by law. Until the BOP makes a final decision on the prisoner's *nunc pro tunc* request for time served while in state custody, this Court is without jurisdiction.**

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief (R. Doc. 35) be dismissed, without prejudice.

Signed in Baton Rouge, Louisiana, on October 26, 2023.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**